**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**(WESTERN DIVISION)**

| | |
|---|---|
| ROBERT W. HUELLEMEIER, Derivatively on Behalf of Teva Pharmaceutical Industries Limited Employee Stock Purchase Plan,<br><br>              Plaintiff,<br>    vs.<br><br>TEVA PHARMACEUTICAL INDUSTRIES LIMITED, EREZ VIGODMAN, EYAL DESHEH, and SHLOMO YANAI,<br><br>           Defendants. | **Civil Action No.: 1:17-cv-00485-SJD** |

**MEMORANDUM OF LAW IN SUPPORT OF ROBERT W. HUELLEMEIER'S
MOTION FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF SELECTION OF COUNSEL**

## I. PRELIMINARY STATEMENT

Plaintiff filed this action on behalf of the Company's Employee Stock Purchase Plan for U.S. Employees ("ESPP"), and on behalf of all persons who purchased or otherwise acquired Teva Pharmaceutical Industries Limited ("Teva" or the "Company") American Depository Shares ("ADSs") between February 9, 2015 and November 3, 2016 ("Relevant Period") in the ESPP. Plaintiff seeks to recover compensable damages and pursue remedies against Defendants under and pursuant to § 11 of the Securities Act, 15 U.S.C. §§ 77k. The Court has jurisdiction over the subject matter of this action pursuant to § 22 of the Securities Act, 15 U.S.C. § 77v. Plaintiff also asserts several state law claims which this Court has jurisdiction over pursuant to 28 U.S.C. § 1367.

Proposed lead plaintiff Robert W. Huellemeier ("Plaintiff Huellemeier") hereby moves this Court for an Order: (i) appointing Plaintiff Huellemeier as Lead Plaintiff pursuant to the requirements of the Private Securities Litigation Reform Act ("PSLRA") (15 U.S.C. § 77z-1, *et seq.*); (ii) approving his selection of Gainey McKenna & Egleston ("GM&E") to serve as Lead Counsel and Strauss Troy Co., LPA as Liaison Counsel; and (iii) granting such other and further relief as the Court may deem just and proper.

Plaintiff Huellemeier is the most adequate plaintiff as defined by the PSLRA as he has standing to assert the claims of the ESPP because he purchased Teva ADSs in his ESPP account and he suffered losses of $1,639 on those purchases during the Relevant Period. *See* Declaration of Thomas J. McKenna in Support of Robert W. Huellemeier's Motion for Appointment as Lead Plaintiff and Approval of Selection of Counsel ("McKenna Decl.") at Exhibit ("Ex.") B. In addition, Plaintiff Huellemeier adequately satisfies the requirements of Federal Rules of Civil

Procedure 23 in that his claims are typical of the claims of the putative class and that he will fairly and adequately represent the interests of the class.

Accordingly, the Court should grant Plaintiff Huellemeier's motion.

## II.    FACTUAL BACKGROUND

Plaintiff alleged that Defendants made materially false and misleading statements that concealed the fact that Teva was engaged in violations of the antitrust laws of the United States. When the falsity of such statements was revealed, Teva's stock price decreased and Plaintiff Huellemeier and the ESPP suffered damages as a result.  ¶¶ 15-101.

According to the Complaint, the true facts, which were known by Defendants but concealed from the investing public during the Relevant Period, were as follows: Teva's statements during the Relevant Period were materially false and misleading because they misrepresented and failed to disclose that (i) Teva and several of its pharmaceutical industry peers conspired to fix the prices of generic drugs; (ii) this conduct was a violation of United States antitrust laws; (iii) Teva's revenues during the Relevant Period were derived in part from illegal conduct; (iv) Teva lacked effective internal controls to prevent price fixing; and (v) therefore Teva's public statements were materially false and misleading.  ¶ 27.

On August 4, 2016, the truth began to be revealed when the Company filed a Form 6-K with the SEC, signed by Eyal Desheh (the Company's Principal Financial Officer and Principal Accounting Officer), in which Teva stated that its United States subsidiary had received a subpoena from the Antitrust Division of the Department of Justice ("DOJ") seeking information regarding the setting of prices on Teva's generic drugs and communications with competitors about those generic drugs.  Teva also disclosed in that Form 6-K that it had received a subpoena from the Connecticut Attorney General seeking similar information.  ¶ 28.  As a result, the price

of Teva's ADSs fell $1.24 per share to close at $54.21 on August 5, 2016.  ¶ 29.  Later, on

November 3, 2016, *Bloomberg* published an article titled "U.S. Charges in Generic-Drug Probe to

Be Filed by Year End" which concerned the Department of Justice's two-year investigation into

price collusion by several pharmaceutical companies, including Teva, and stated that criminal

charges were expected shortly.  ¶ 30.  As a result, the price of Teva's ADSs fell $4.13 per share,

or over 9.5%, from the previous closing price, to close at $39.20 per share on November 3, 2016.

## III.  ARGUMENT

### A.  <u>Plaintiff Huellemeier Should Be Appointed Lead Plaintiff</u>

#### 1.  *The Procedure Required by the PSLRA*

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in

"each private action arising under the [Securities Act] that is brought as a plaintiff class action

pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §77z-1(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20

days of filing the action, informing class members of their right to file a motion for appointment

as lead plaintiff.  15 U.S.C. § 77z-1(a)(3)(A)(i).  Notice regarding the pendency of this action was

published on *Globe Newswire*, a national, business-oriented newswire service, on July 20, 2017.

*See* McKenna Decl. Ex. A.  Within 60 days after publication of the notice, any person or group of

persons who are members of the proposed class may apply to the Court to be appointed as lead

plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §§ 77z-

1(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court

shall consider any motion made by a class member and shall appoint as lead plaintiff the member

or members of the class that the Court determines to be most capable of adequately representing

the interests of class members.  15 U.S.C. § 77z-1(a)(3)(B).  In determining the "most adequate

plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa)    has either filed the complaint or made a motion in response to a notice...
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 77z-1(a)(3)(B)(iii).

### 2. *Plaintiff Huellemeier Satisfies the "Lead Plaintiff" Requirements of the PSLRA*

#### (a) *Plaintiff Huellemeier Has Complied with the PSLRA and Should Be Appointed Lead Plaintiff*

The time period in which class members may move to be appointed Lead Plaintiff herein

under the PSLRA, 15 U.S.C. § 77z-1(a)(3)(A) & (B), expired on September 18, 2017.  Pursuant

to the provisions of the PSLRA and within the requisite time frame after publication of the required

notice (published on July 20, 2017), Plaintiff Huellemeier timely moves this Court to be appointed

Lead Plaintiff on behalf of all members of the class.

Plaintiff Huellemeier signed and filed with his Complaint a certification stating that he is

willing to serve as the representative party on behalf of the class.  *See* McKenna Decl. Ex. B. In

addition, Plaintiff Huellemeier has selected and retained competent counsel to represent him and

the class.  *See* McKenna Decl. Exs. D and E.  Accordingly, Plaintiff Huellemeier has satisfied the

individual requirements of the PSLRA and is entitled to have his application for appointment as

Lead Plaintiff and selection of Lead Counsel and Liaison Counsel considered and approved by the

Court.

### (b)     Robert W. Huellemeier has the Requisite Financial Interest in The Relief Sought by the ESPP

During the Relevant Period, as evidenced by, among other things, the accompanying signed certification, *see* McKenna Decl. Ex. B, Plaintiff Huellemeier purchased Teva ADSs in his ESPP account in reliance upon the materially false and misleading statements issued by Defendants and was injured thereby. In addition, Plaintiff Huellemeier incurred a loss of approximately $1,639 on his transactions in Teva ADSs. McKenna Decl. Exs. B and C. Plaintiff Huellemeier thus has a significant financial interest in this case. Therefore, as the movant with the largest known financial interest in this Action, Plaintiff Huellemeier should be appointed Lead Plaintiff pursuant to the PSLRA. 15 U.S.C. § 77z-1(a)(3)(B).

### (c)     Plaintiff Huellemeier Otherwise Satisfies Rule 23

According to the PSLRA, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §77z-1(a)(3)(B). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two -- typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the motion for class certification. *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *20

(N.D. Ill. Aug. 6, 1997); *Ohio Public Employees Ret. Sys. v. Fannie Mae*, 357 F. Supp. 2d 1027, 1034 (S.D. Ohio 2005). Plaintiff Huellemeier satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying his appointment as Lead Plaintiff.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Fed. R. Civ. P. 23(a)(3). "The typicality requirement of Fed. R. Civ. P. 23(a)(3) is fulfilled if the prospective lead plaintiff's claims arise out of the same course of conduct or series of events, and are based on the same legal theory as the other members of the class." *Fannie Mae*, 357 F. Supp. 2d at 1034. Minor factual differences between the claims do not defeat typicality. *See In re Unumprovident Corp. Secs. Litig.*, 2003 U.S. Dist. LEXIS 24633, at *25 (E.D. Tenn. Nov. 6, 2003) ("Any factual distinctions which may exist are clearly outweighed by the issues of law and fact predominating the claims of all class members.").

Plaintiff Huellemeier satisfies this requirement because, just like all other class members, he: (1) purchased Teva ADSs during the Relevant Period inside his ESPP account; (2) purchased Teva ADSs in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (3) suffered damages thereby. Thus, Plaintiff Huellemeier's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events and are based on similar legal theories.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "A plaintiff can show that it fairly and adequately represents the interests of the class, pursuant to Rule 23(a)(4), if it appears that (1) plaintiff's interests are not antagonistic to those of the class they seek to represent and (2) plaintiff's counsel is qualified to conduct the litigation." *Fannie Mae*, 357 F. Supp. 2d at 1034.

Here, Plaintiff Huellemeier is an adequate representative of the class.  As evidenced by the injuries suffered by Plaintiff Huellemeier relating to the purchase of Teva ADSs at prices allegedly artificially inflated by Defendants' materially false and misleading statements, the interests of Plaintiff Huellemeier are clearly aligned with the members of the ESPP, and there is no evidence of any antagonism between Plaintiff Huellemeier's interests and those of the other members of the ESPP.  Further, Plaintiff Huellemeier has taken significant steps which demonstrate that he will protect the interests of the ESPP: he has retained competent and experienced counsel to file the instant action and prosecute these claims.  As shown below, Plaintiff Huellemeier's proposed Lead Counsel and Liaison Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner.

Plaintiff Huellemeier *prima facie* satisfies the typicality and adequacy requirements of Rule 23 for the purposes of this motion.  Moreover, Plaintiff Huellemeier, an ex-employee of Teva and a participant in the ESPP, is precisely the type of investor who should come forward to bring these claims on behalf of the ESPP as there is no institutional investor with standing to assert these claims.

**B.      The Court Should Approve Plaintiff Huellemeier's Choice of Counsel**

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent.  15 U.S.C. § 77z-1(a)(3)(B)(v).  In that regard, Plaintiff Huellemeier has selected GM&E as Lead Counsel, a firm which has substantial experience in the prosecution of shareholder and securities class actions.  *See* McKenna Decl, Ex. D.  Plaintiff Huellemeier has also selected Strauss Troy Co., LPA as Liaison Counsel, a well-regarded firm in Cincinnati, Ohio, to serve as Liaison Counsel.  *Id.* at Ex. E.  Accordingly, the Court should approve Plaintiff Huellemeier's selection of Lead Counsel and Liaison Counsel.

## IV.    CONCLUSION

For all the foregoing reasons, Plaintiff Huellemeier respectfully requests that the Court: (i) appoint Plaintiff Huellemeier as Lead Plaintiff; (ii) approve his selection of Lead Counsel and Liaison Counsel as set forth herein; and (iii) grant such other relief as the court may deem just and proper.

DATED:  September 18, 2017

**STRAUSS TROY CO., LPA**

By: */s/ Ron R. Parry*
Ron R. Parry
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202
Telephone: (513) 621-2120
Facsimile: (513) 241-8259
Email: rrparry@strausstroy.com

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
440 Park Avenue South, 5th Floor
New York, NY 10016
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
Email: tjmckenna@gme-law.com
Email: gegleston@gme-law.com

*Attorneys for Plaintiff Huellemeier*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2017, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to all

attorneys on record.

**STRAUSS TROY CO., LPA**

*/s/ Ronald R. Parry*
Ronald R. Parry
The Federal Reserve Building
150 East Fourth Street
Cincinnati, OH 45202
Telephone: (513) 621-2120
Facsimile: (513) 241-8259
Email: rrparry@strausstroy.com