IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Robert W. Huellemeier, derivatively on behalf of Teva Pharmaceutical Industries Limited Employee Stock Purchase Plan, | : : : : | Case No. 1:17-cv-485 |
| Plaintiff, | : : | Judge Susan J. Dlott |
| v. | : : | |
| Teva Pharmaceutical Industries Limited, *et al.*, | : : : : | Order Granting Motion to Transfer this Action to the District of Connecticut |
| Defendants. | : | |

This matter is before the Court on Defendants' Motion to Transfer (Doc. 13). Plaintiff Robert Huellemeier, derivatively on behalf of the Teva Pharmaceutical Industries Limited Employee Stock Purchase Plan ("the ESPP"), has filed this suit pursuant to § 11 of the Securities Act, 15 U.S.C. § 77k, against Defendants Teva Pharmaceutical Industries Limited ("Teva") and three corporate officers, Erez Vigodman, Eyal Desheh, and Shlomo Yanai (collectively, the "Teva Officers"). Defendants now move the Court to transfer this action on the basis of the first-to-file rule, or alternatively, 28 U.S.C. § 1404, to the District of Connecticut where two class action suits are pending against Teva, Vigodman, and Desheh. For the reasons that follow, the Court will **GRANT** the Motion to Transfer.

I.      BACKGROUND

A.      **The Southern District of Ohio Action**

Huellemeier states the following allegations of fact against Teva and the Teva Officers in the Complaint (Doc. 1): Teva is a global pharmaceutical company with operations in the United States, Europe, and other markets, and with facilities in Ohio. Vigodman was a Director for Teva at all relevant times. Desheh was the Chief Financial Officer for Teva at all relevant

1

times.[1]  Yanai was the President and Chief Executive Officer for Teva at all relevant times. (*Id.* at PageID 3.)  Teva registered 70,000,000 American depository shares with the SEC in July 2010, some for purchase by employees of the company through the ESPP. (*Id.*)  Huellemeier is a current or former Teva employee who purchased Teva shares through the ESPP between February 9, 2015 and November 3, 2016 ("the Class Period"). (*Id.* at PageID 2–3.)

Defendants Vigodman and Desheh signed financial disclosure forms on behalf of Teva during the Class Period, including the 2014 20-F and 2015 20-F forms. (*Id.* at PageID 5–11.)  Huellemeier alleges that Teva made a number of material misstatements and omissions in the financial disclosure forms.  He alleges that Teva failed to disclose that it was under an antitrust investigation for price-fixing by the Department of Justice ("DOJ") and the Attorney General's Office for the State of Connecticut, that it was under investigation by the DOJ for violation of the Foreign Corrupt Practices Act, including bribery of Russian government officials, and that it lacked effective internal controls over its financial reporting. (*Id.* at 11.)

Huellemeier, on behalf of the ESPP, filed the Complaint against Teva and the Teva Officers on July 17, 2017.  Huellemeir asserts the following claims for relief in the Complaint based on alleged misrepresentations and omissions in the registration statements:

1. Violation of § 11 of the Securities Act, 15 U.S.C. § 77k, against all Defendants;[2]

2. Breach of fiduciary duties against unspecified Defendants;

3. Misrepresentation and non-disclosure against unspecified Defendants; and

---

[1]  Defendants clarify that Vigodman was the Chief Executive Officer from early 2014 to early 2017 and that Desheh was the Chief Financial Officer from 2008 to 2017, except for a period of time in late 2013 to early 2014 when he acted as the President and Chief Executive Officer.  (Baeder Dec., Doc. 13-1 at PageID 146.)  This is not material to the pending motion.

[2]  Generally stated, Section 11 of the Securities Act provides a cause of action for a person who acquires a security against persons who sign registration statements when any part of the registration statement contains "an untrue statement of material fact" or omits "a material fact required to be stated therein or necessary to make the statements therein not misleading."  15 U.S.C. § 77k.

4. Breach of contract against unspecified Defendants.

(*Id.* at PageID 34–38.) Huellemeier purports to bring the action as a derivative action "on behalf of all persons who purchased or otherwise acquired Teva American Depository Shares [ ] between February 9, 2015 and November 3, 2016 . . . in the ESPP." (*Id.* at PageID 1–2.)[3] He also asserts, in the alternative, a class action on behalf of individuals who purchased or otherwise acquired the Teva shares pursuant to the ESPP during the Class Period. (*Id.* at PageID 32–34.)

Defendants now move the Court to transfer this action to the District of Connecticut on the basis of the first-to-file rule or, alternatively, 28 U.S.C. § 1404. Huellemeier opposes the transfer of this action. The matter is fully briefed and ripe for adjudication.

**B.     The District of Connecticut Actions**

Defendants move to transfer this case on the grounds that it is duplicative of earlier-filed suits now pending in the District of Connecticut. Accordingly, it is necessary to provide a brief overview of the other pending cases. Two cases initially were filed in the Central District of California in 2016 before being transferred to the District of Connecticut as explained below. *Galmi v. Teva Pharmaceutical Industries Limited*, No. 2:16-cv-08259 (C.D. Cal.) was filed filed on November 6, 2016 and *Leone v. Teva Pharmaceutical Industries Limited*, No. 2:16-cv-09545 (C.D. Cal.) was filed on December 27, 2016. Amram Galmi filed suit against Teva, Vigodman, and Desheh, on behalf of a class of similarly-situated persons who purchased or acquired Teva shares between February 10, 2015 and November 3, 2016.[4] Galmi asserted claims for alleged

---

[3] Under the Federal Rules of Civil Procedure, a derivative action is brought by a shareholder or member of a corporation "to enforce a right that the corporation or association may properly assert but has failed to enforce." Fed. R. Civ. P. 23.1(a). Derivative actions have special pleading requirements, including that plaintiff verify the complaint and state with particularity his efforts, if any, "to obtain the desired action from the directors or comparable authority." Fed. R. Civ. P. 23.1(b). Huellemeier did not comply with the special pleading requirements despite labeling his Complaint as a derivative action. (Doc. 1.)

[4] A copy of *Galmi* Complaint was filed in this action at Doc. 13-3.

violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b)[5] and 78t(a),[6] and Rule 10b-5 promulgated by the SEC, 17 C.F.R. § 240.10b-5.[7] The claims were based on alleged misstatements and omissions in Teva's 2014 20-F form and 2015 20-F form, including failing to disclose the DOJ and the Connecticut Attorney General's investigation into price collusion.

Anthony Leone filed suit against Teva, Vigodman, Desheh, and Kobi Altman on behalf of a class of similarly-situated persons who purchased or acquired American depository shares of Teva between February 10, 2014 and November 3, 2016. Leone asserted claims for alleged violations of §§ 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5 promulgated by the SEC, 17 C.F.R. § 240.10b-5. The claims were based on alleged misstatements and omissions in Teva's 2013 20-F form, 2014 20-F form, 2015 20-F form, and other forms, including the failure to disclose its participation in a price-collusion scheme.

Several entities moved to become the Lead Plaintiff in the *Galmi* and *Leone* cases, including the Ontario Teachers' Pension Plan Board ("Ontario Teachers"). Defendants in the *Galmi* case moved on January 17, 2017 to transfer the case to the Eastern District of Pennsylvania. On April 3, 2017, the district court consolidated *Leone* with *Galmi*, and then transferred the consolidated *Galmi* case to the District of Connecticut.[8]

---

[5] Section 10(b) of the Exchange Act generally makes it unlawful for any person to use mails or instrumentalities of interstate commerce to use a "manipulative or deceptive device" in connection with the purchase or sale of a security. 15 U.S.C. § 78j(b).

[6] Section 20(a) of the Exchange Act creates joint and several liability for a person who directly or indirectly controls another person found liable for violations of the Exchange Act. 15 U.S.C. § 78t(a).

[7] Rule 10b-5 generally makes it unlawful for a person to use mails or instrumentalities of interstate commerce to commit fraud in connection with the purchase or sale of a security. 17 C.F.R. § 240.10b-5.

[8] The defendants sought to have *Galmi* transferred to the Eastern District of Pennsylvania because that is where Teva's U.S. headquarters is located. However, the court determined that the defendant's choice of forum was

After the consolidated *Galmi* case was transferred, the Connecticut district court designated Ontario Teachers as the Lead Plaintiff on July 11, 2017. The case is now captioned *Ontario Teachers' Pension Plan Board v. Teva Pharmaceutical Industries, Limited*, No. 3:17-cv-00558 (D. Conn.). Ontario Teachers filed a more than 300-page Consolidated Class Action Complaint ("*Ontario Teachers* Complaint") against Teva, Vigodman, Desheh, and numerous other individuals and entities on August 2, 2017.[9] The relevant time period in the *Ontario Teachers* Complaint is February 6, 2014 to August 3, 2017. Ontario Teachers asserted fraud-based claims under § 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a); non-fraud-based claims under §§ 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77*l*(a)(2),[10] and 77o;[11] and violations of Israeli law. Teva, Vigodman, and Desheh are defendants for all three sets of claims. Ontario Teachers summarized their allegations as follows:

> These three sets of claims arise from a series of material misstatements and omissions about Teva's U.S. generic drugs business, its financial performance, and, in particular, its participation in an anticompetitive collusive scheme to manipulate the market for generic drugs. These material misstatements and omissions misled the market and caused the price of Teva's securities to be considerably inflated. When the truth about Teva's financial condition and its role in the collusive scheme began to leak into the market, the price of Teva's securities fell significantly, causing damage to investors.

(Doc. 13-4 at PageID 183.) Stated differently, the Ontario Teachers alleged Teva, Vigodman, and Desheh participated in a price-fixing conspiracy with other generic drug companies. Ontario

---

entitled to little weight, and it transferred the case to the District of Connecticut, the location of one non-party witness and "the venue for an antitrust lawsuit apparently related to these cases." *Galmi*, No. 2:16-cv-09545, Doc. 19 (C.D. Cal. Apr. 3, 2017).

[9] A copy of the *Ontario Teachers* Consolidated Class Action Complaint was filed in this action at Doc. 13-4.

[10] Section 12(a)(2) of the Securities Act generally creates a cause of action in favor of a person who purchases a security against a person who offers or sells a security in interstate commerce or through the mails by "means of a prospectus or oral communication, which includes an untrue statement of a material fact or omits to state a material fact necessary in order to make the statements, in the light of the circumstances under which they were made, not misleading (the purchaser not knowing of such untruth or omission)." 15 U.S.C. § 77*l*(a)(2).

[11] Section 15 of the Securities Act creates liability for a person who controls another person liable under Sections 11 and 12(a) of the Securities Act, 15 U.S.C. §§ 77k and 77*l*. 15 U.S.C. § 77o.

Teachers asserts there were misstatements and material omissions in the 2013 20-F form, 2014 20-F form, and the 2015 20-F form.

Finally, *OZ ELS Master Fund, Ltd. v. Teva Pharmaceutical Industries Limited*, No. 3:17-cv-01314 (D. Conn.), was initiated on August 3, 2017.[12] Teva, Vigodman, and Desheh are among the named defendants. The plaintiffs in *OZ ELS* alleged that Teva participated in an unlawful price-fixing scheme to inflate the price of generic drugs and made misstatements in its 2013 20-F, 2014 20-5, and 2015 20-F forms. On August 30, 2017, the *OZ ELS* case was stayed pending resolution of the Motion to Dismiss the Consolidated Class Action Complaint in the *Ontario Teachers* case.

## II. ANALYSIS

Defendants move to transfer this action to the District of Connecticut on two alternative grounds: (1) the first-to-file rule and (2) 28 U.S.C. § 1404. The Court will begin by analyzing the first-to-file rule and, finding it dispositive, will not address the 28 U.S.C. § 1404 arguments.

The first-to-file rule provides "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Associates, Inc.,* 16 F. App'x 433, 437 (6th Cir. 2001) (internal quotation and citation omitted). It is a "prudential doctrine" that seeks to "conserve[ ] judicial resources by minimizing duplicative or piecemeal litigation, and protect[ ] the parties and the courts from the possibility of conflicting results." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016). Courts generally examine three factors in applying the first-to-file rule: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake." *Id.* The relevant date for purposes of determining the chronology of the suits is the date the initial

---
[12] The *OZ ELS* Complaint is filed in this action at Doc. 13-5.

complaints were filed. *Id.* at 790; *Zide*, 16 F. App'x at 437. "Factors that weigh against enforcement of the first-to-file rule include extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Zide*, 16 F. App'x at 437.

There is no dispute that the *Galmi* consolidated case, now captioned as the *Ontario Teachers* case, was filed first. *Galmi* and *Leone* were both filed in late 2016, prior to the date this case was filed on July 17, 2017. However, Huellemeier argues that the parties and claims in this action are dissimilar to those in the *Ontario Teachers* case pending in the District of Connecticut such that this case should be considered the first filed of its kind. As to the claims, Huellemeier focuses on his characterization of this action as a derivative action filed on behalf of the ESPP, [13] while the other actions are class actions not filed on behalf of the ESPP. He also points out that he filed his claims for violation of Securities Act § 11 on July 17, 2017, weeks before the Ontario Teachers added the Securities Act § 11 claims to the *Ontario Teachers* case on August 2, 2017. The original *Galmi* consolidated case did not include Securities Act § 11 claims, but only fraud-based claims. Huellemeier notes that only this case involves allegations that Teva failed to disclose investigations into the bribery of foreign officials.

As to the parties, Huellemeier points out this action is the only one filed against Defendant Yanai. He also disingenuously suggests that this action is filed on behalf of people who are or were employed by Teva and who purchased *or held* shares in Teva's ESPP between February 9, 2015 and November 3, 2016, but that the *Ontario Teachers* case is filed on behalf of people who purchased—not held— shares on the open market between February 6, 2014 and August 3, 2017. However, Huellemeier clearly alleges in the Complaint that the claims are asserted on behalf of persons who "purchased or otherwise acquired" Teva shares, not persons who purchased or held the shares. (Doc. 1 at PageID 2, 32.) Likewise, the *Ontario Teachers*

---
[13] As explained in footnote 3 *supra*, Huellemeier failed to meet basic pleading standards for a derivative action.

Consolidated Class Action Complaint does not explicitly limit the proposed class to those who purchased shares on the open market.

Finally, Huellemeier relies on *NanoLogix, Inc. v. Novak*, No. 4:13-cv-1000, 2013 WL 6443376, at *15 (N.D. Ohio Dec. 9, 2013), to argue that equity favors moving forward with this case here so as not to "further delay an overlong conflict." *NanoLogix* is distinguishable in material respect and does not support Huellemeier's argument. *NanoLogix* involved a race to the courthouse by two parties with the same issues pending in two cases in two jurisdictions. *Id.* at *3–4. *NanoLogix* was the later filed case by a matter of days. *Id.* at *3. The Northern District of Ohio determined not to dismiss or transfer its second-filed case, but instead to proceed with discovery, because a motion to dismiss based on alleged lack of personal jurisdiction had stalled the first-filed California case for multiple months. *Id.* at *4. Significantly, however, the Northern District of Ohio stated that it would transfer or dismiss its case if the California court ultimately determined it had jurisdiction and would proceed with the first-filed case. *Id.*

The first-to-file rule was not disregarded by the Northern District of Ohio in *NanoLogix* and it should not be disregarded here. The Northern District of Ohio merely determined that there was no reason to delay inevitable discovery between two parties with identical issues pending in two courts while the California court determined whether it would exercise jurisdiction over its first-filed case. At best, *NanoLogix* would counsel for allowing discovery to begin in this case if Huellemeier could establish that the proceedings in the *Ontario Teachers* case were stalled. Huellemeier has not made such a showing.

Despite Huellemeier's arguments, the Court concludes that this action should be transferred to the District of Connecticut pursuant to the first-to-file rule. The parties and claims in this case are similar enough to those in the *Ontario Teachers* case to make transfer

8

appropriate. Three of the four Defendants in this action are defendants in the *Ontario Teachers* action. The Class Period of February 9, 2015 to November 3, 2016 in this action falls within the relevant class period of February 6, 2014 to August 2, 2017 in the *Ontario Teachers* action. It would appear that Huellemeier himself falls within the class defined in the *Ontario Teachers* action as a person who purchased or acquired Teva shares between February 6, 2014 and August 3, 2017. The first-to-file rule only requires that the parties in two actions substantially overlap, not that they be identical. *See Baatz*, 814 F.3d at 790; *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 690 (E.D. Tenn. 2005).

Also, both actions involve alleged misrepresentations and omissions in Teva's 2014 and 2015 20-F forms. Both actions involve allegations that Teva engaged in price-fixing, with the focus on this case being that Teva failed to disclose government investigations into price-fixing. Both actions include claims for violation of Section 11 of the Securities Act, 15 U.S.C. § 77k. Based on these similarities, it is highly likely that there will be a substantial overlap in discovery and briefing in the two cases. The judicial economy factor, therefore, weighs in favor of transfer. *See Ltd. Serv. Corp. v. M/V APL PERU*, No. 2:09-cv-1025, 2010 WL 2105362, at *5 (S.D. Ohio May 25, 2010) (stating that cases need not be identical if "substantial savings of judicial time and resources (which almost always results in savings to the parties as well) can result from the transfer and the conduct of coordinated proceedings"). It also seems likely that the failure to transfer this case would create the possibility of inconsistent judgments against Teva, Vigodman, and Desheh.

The fact that Huellemeier purports to file this action as a derivative action and the *Ontario Teachers* case is a class action does not weigh heavily against transfer. It bears repeating that Huellemeier asserts class action allegations in the alternative to his derivative

9

allegations. Also, courts have transferred derivative securities actions to different jurisdictions to be adjudicated alongside pending class action securities lawsuits, and vice versa. *See*, *e.g.*, *City of Pontiac Gen. Emp. Retirement Sys. v. Wal-Mart Stores, Inc.*, No. 3-12-0457, 2012 WL 12543462 (M.D. Tenn. July 25, 2012) (transferring securities class action to district where derivative action was pending); *Goggins v. Alliance Cap. Mgmt., L.P.*, 279 F. Supp. 2d 228 (S.D.N.Y. 2011) (transferring a class action to a different district where six derivative actions were pending pursuant to 28 U.S.C. § 1404); *Stein v. Immelt*, No. 3:09cv808, 2010 WL 598925 (D. Conn. 2010) (transferring derivative securities action to district where similar class action was pending). Accordingly, for all of these reasons, the Court will transfer this case to the District of Connecticut where the first-filed action is pending.

Because transfer is appropriate under the first-to-file rule, the Court need not determine if transfer also would be appropriate on the alternative basis of 28 U.S.C. § 1404.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Transfer (Doc. 13) is hereby **GRANTED**. The Court directs the Clerk to transfer this action to the District of Connecticut.

**IT IS SO ORDERED.**

Dated this 17th day of November, 2017.

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge